GOPPELT v. BURGESS.

WITNESSES—UNDISPUTED TESTIMONY—DIRECTING VERDICT.

Where it cannot be said that a party's undisputed testimony is so clear, certain, and consistent that the jury are bound to accept it as conclusive proof, a verdict should not be directed in his favor by the court.

Error to Saginaw; Snow, J. Submitted November 21, 1902. (Docket No. 115.) Decided December 16, 1902.

Replevin by Martha Goppelt against William W. Burgess. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Reversed.

*Eugene Wilber*, for appellant.

*James H. Davitt*, for appellee.

CARPENTER, J. Plaintiff replevied a quantity of household goods which defendant, undersheriff of Saginaw county, had on February 27, 1901, seized under an execution against plaintiff's husband. A large part of these goods belonged to plaintiff's husband when he and plaintiff were married. Plaintiff claimed that her husband sold this property to her. The only witness who testified on this subject was the plaintiff herself. The court, in

directing a verdict for the plaintiff, decided that the jury was bound to believe her testimony, and the only question before us is whether or not this decision is correct. The determination of this question requires an examination of plaintiff's testimony. She testifies that she was married June 24, 1896, and commenced housekeeping the next day in a house rented by her husband; that the furniture in question was then her husband's furniture, and in his house; that on November 8, 1897, she received from her father's estate a check for $500; that this check she indorsed and gave to her husband (and this check, bearing her and her husband's indorsement, was produced on the trial) upon the understanding that she was to have the entire household furniture; that she cannot repeat the conversation respecting this transaction. On cross-examination she was asked: "Was it talked over, you were buying the household furniture and giving him the check? Was that ever talked over?" To that plaintiff answered, "Why, I don't know as that was ever talked over." She also testified that no computation was made to determine the value of the furniture transferred. Asked whether she did not loan her husband the money, plaintiff replied, "No; I gave him the money. I gave it to him outright. I didn't loan it to him." Until early in February, 1901, the furniture was used in the house occupied by plaintiff and her husband. In that month they removed to Milwaukee, Wis., and plaintiff stored the furniture with her brother. Until February 18, 1901, the furniture was insured in the name of plaintiff's husband. Respecting this, plaintiff testified, "Mr. Goppelt took out the insurance. Whether in his name or my name I do not know."

We think it was the province of the jury to decide whether or not this testimony was to be believed. While the transfer of household goods, claimed by plaintiff to have been made, is legal (*Davis* v. *Zimmerman*, 40 Mich. 24), it was nevertheless an unusual and peculiar transaction. There was no change in the possession or use of the property. The transfer was accompanied by no circum-

stance which would furnish certain proof or secure publicity, and was known only to the immediate parties, and capable of being proved only by the impressions retained in their memory. It cannot be said of plaintiff's testimony that it came from a disinterested witness; nor can it be said that it was so clear, certain, and consistent that the jury was bound to accept it as conclusive proof of the transfer under consideration. We think this conclusion is justified by the cases of *Druse* v. *Wheeler*, 26 Mich. 189, and *Michigan Pipe Co.* v. *Marine Ins. Co.*, 92 Mich. 482 (52 N. W. 1070, 20 L. R. A. 277).

The judgment of the court below is reversed, and a new trial ordered.

The other Justices concurred.