## BALL-BARNHART-PUTMAN CO. *v.* LANE.

1. WITNESSES—CREDIBILITY—CORROBORATIVE TESTIMONY.
   Where a witness testified that certain sugar sold by him to defendant was stolen by witness from plaintiff, evidence of witness' plea of guilty to a charge of stealing other sugar at about the same time was incompetent to strengthen his testimony.

2. SALE—TITLE—POSSESSION—SHIPPING CLERK.
   The bare fact that the owner of property intrusts its custody to another does not give that other any apparent authority to sell to a third person and pass title. So *held* where a shipping clerk sold, as his own, goods belonging to his employer.

3. SAME—ESTOPPEL.
   The fact that plaintiff's shipping clerk had embezzled money from it while employed as salesman did not charge plaintiff with the risk of future thefts, and preclude it from reclaiming property thereafter stolen by him.

4. TRIAL—CREDIBILITY OF WITNESS—DIRECTING VERDICT.
   Where plaintiff's case depended upon the testimony of a self-confessed thief, the credibility of the witness was for the jury, and it was error to direct a verdict for plaintiff.

Error to Kent; Wolcott, J. Submitted November 17, 1903. (Docket No. 121.) Decided December 22, 1903.

Trover by the Ball-Barnhart-Putman Company against Arthur J. Lane. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Reversed.

*E. J. Adams*, for appellant.

*Smedley & Corwin*, for appellee.

MONTGOMERY, J. This is an action of trover for 14 barrels of sugar. The plaintiffs are wholesale grocers in the city of Grand Rapids. The defendant is a retail grocer in the same city. Plaintiffs had in their employ as shipping clerk one Bert Rice. In August, 1902, Rice sold to defendant 14 barrels of sugar at 4½ cents per pound. This sugar Rice assumed to own himself, stating to defendant that he had been speculating, and was unable to carry the sugar longer. On this trial Rice testified that he stole the sugar in question from the plaintiffs, and caused it to be delivered to defendant, who paid him for it. It also appears that Rice had, while employed by plaintiffs on a previous occasion, embezzled a small sum of money, but, on his promise of reformation, had been taken back into plaintiffs' employ,—not, however, as salesman, but as shipping clerk. He testified that he at times at the noon hour felt it his duty to assist the regular salesmen, but that he had no directions from his employers to do so; and it does not appear that he took advantage of this circumstance to commit any fraud, or that the proceeds of such sales came into Rice's hands. Plaintiffs were allowed to put in evidence Rice's plea of guilty, entered in the superior court of Grand Rapids, to a charge of stealing other sugar at about the same time that that in question was taken. The circuit judge directed a verdict for the plaintiffs for the value of the sugar, and the defendant brings error.

Error is assigned upon rulings admitting certain testimony. These would be unimportant if the competent testimony justified the court in directing a verdict; but

as we do not so hold, we feel called upon to say that we are not able to see upon what principle the testimony of the conviction of Rice upon his plea of guilty in the superior court could be received to strengthen his testimony for the plaintiffs in this case.

The defendant contends that the case is one for the application of the rule that, "where one of two innocent parties must suffer by the fraud of a third, he shall suffer who, by his indiscretion, has enabled such third person to commit the fraud." And this contention presents the important question in the case. The bare fact that the owner of property intrusts its custody to another does not give that other any apparent authority to sell to a third party and pass title. *Nichols* v. *Monjeau*, 132 Mich. 582 (94 N. W. 6). The rule is, of course, otherwise if the owner has intrusted his property to another, and invested him with the *indicia* of ownership. But in the present case there was no act of plaintiffs which was calculated to, nor were Rice's relations to plaintiffs such as to, induce the belief that sugar in plaintiffs' storehouse was the property of Rice. Defendant bought the sugar as the property of Rice, and could not, therefore, have been misled by any appearance of authority claimed to have been given him by plaintiffs.

Does the fact that Rice had on a previous occasion embezzled money from plaintiffs result in this: That, by employing him as shipping clerk, where he was not expected to receive money, they incurred the risk of his thefts, and precluded themselves from reclaiming property stolen by him? We are cited to no case which so holds, and should be sorry to find one. Such a rule would close the door of hope to any young man who takes the first false step. No avenue of escape would be open to the repentant. No man would feel safe in giving him employment in any capacity, whether the employment did or did not involve trust and confidence.

The remaining question is whether the court erred in directing a verdict for plaintiffs. The plaintiffs' proof of

title was not complete without the testimony of Rice. It is contended that, as Rice was a self-confessed thief, his credibilty was for the jury. We are constrained to hold that this contention should prevail. *Druse* v. *Wheeler*, 26 Mich. 195; *Michigan Pipe Co.* v. *Insurance Co.*, 92 Mich. 482 (52 N. W. 1070, 20 L. R. A. 277); *Goppelt* v. *Burgess*, 132 Mich. 28 (92 N. W. 497). It is not enough that we are convinced of the truth of the witness' statements. The functions of the court and jury are distinct. We regret the necessity of reversing the present case on this ground, as a different result is unlikely; but as, in our view, the true rule was departed from, we have no option.

Judgment reversed, and new trial ordered.

MOORE, CARPENTER, and GRANT, JJ., concurred. HOOKER, C. J., took no part in the decision.