### FRANK HOBBS v. STATE.

### No. 2092.    Decided December 4, 1912.

**1.—Assault to Murder—Charge of Court.**

Where, upon trial of assault with intent to murder, the evidence showed that defendant found that the person whom he intended to assault was intimate with defendant's wife, and in shooting at him struck his, defendant's wife, and he also claimed self-defense, the court should have charged that if defendant shot in self-defense towards such third party, but hit his, defendant's wife instead of said third party, that in either event it would be self-defense.

**2.—Same—Charge of Court—Aggravated Assault.**

Where, upon trial of assault with intent to murder, the evidence showed that defendant in shooting at a third party struck his, defendant's wife, and that he acted under the immediate influence of sudden passion under adequate cause, he could be guilty of no higher offense than aggravated assault, and the court should have so instructed the jury.

**3.—Same—Charge of Court—Insult to Female Relative—Adequate Cause.**

Where, upon trial of assault with intent to murder, the evidence raised the issue of insult to a female relative, this under the statute was adequate cause, and the court's failure to affirmatively instruct the jury to this effect was reversible error, defendant having been convicted of assault to murder.

Appeal from the Criminal District Court of Galveston.   Tried below before the Hon. Clay S. Briggs.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*T. C. Turnley,* for appellant.—On question of adequate cause: Lewis v. State, 18 Texas Crim. App., 116; Garrett v. State, 36 Texas Crim. Rep., 230; Gillespie v. State, 53 id, 167.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of assault with intent to murder, his punishment being assessed at two years confinement in the penitentiary.

The evidence, briefly stated, will disclose that appellant was jealous of a man named Prince Helm; that his wife and a sister of Helm left appellant's residence to go to a certain point in the City of Galveston; that later he followed them, and overtaking them further down the street, he found his wife and the woman Helm and Prince Helm walking along the street together, Prince Helm holding the hand of his wife while so walking.   Enraged by this he made an assault upon Prince Helm and shot at him, and in shooting at Helm struck his wife.

The court charged the jury on this theory of the case that if they were satisfied the defendant did assault his wife with intent then and

there to kill and murder her by the means charged in the indictment, and if further satisfied by the evidence, beyond a reasonable doubt, that the assault was not made under the immediate influence of sudden passion, etc., that they would find him guilty of an assault with intent to murder, stating the punishment. Or if they were satisfied beyond a reasonable doubt that the defendant did assault Prince Helm with intent then and there to kill and murder him, by means charged in the indictment; and they were further satisfied by the evidence beyond a reasonable doubt that the assault was not made under the immediate influence of sudden passion, etc., and if they were further satisfied that in the act of preparing for or executing the same, the defendant through accident shot his wife and that the assault, if any, upon his wife, if voluntarily done, that it would then be an assault to murder his wife,, and they would find him guilty of an assault to murder. The court then charged the jury if they should not so believe that the assault, if any, upon his wife, if voluntarily done, would constitute assault with intent to murder, or have a reasonable doubt thereof, but believed beyond a reasonable doubt that such assault upon his wife would constitute aggravated assault as hereinafter defined, they would find him guilty of aggravated assault. The court then charged the jury if they had a doubt as to the degree, whether he was guilty of aggravated assault or assault with intent to murder, to give him the benefit of that doubt. Then a charge was given submitting the issue of aggravated assault in a general way. The jury was then charged that ''any condition or circumstance capable of creating and which does create sudden passion, such as anger, rage, sudden resentment or terror, rendering the mind for the time incapable of cool reflection, whether accompanied by bodily pain or not, may be adequate cause; and whether such adequate cause existed for such sudden passion, if any there was, it is for you to determine, and in determining this question, as well as all other matters before you, you will consider all the facts and circumstances in evidence in this case.'' The court then charged the jury upon the issue of self-defense, upon the theory, if from the acts of the said Prince Helm, or from his words coupled with his acts, there was created in the mind of the defendant a reasonable apprehension that he was in danger of losing his life or of suffering serious bodily injury at the hands of said Prince Helm, then the defendant had the right to defend himself from such danger or apparent danger; and that it is not necessary to the right of self-defense that the danger should in fact exist, but if it reasonably appeared to the defendant at the time, viewed from his standpoint at the time of the shooting, that such danger existed, he would have the same right to defend against it that he would have were the danger real. The court then submitted this issue to the jury: ''If you believe that the defendant committed an assault upon Prince Helm as a means of defense, believing at the time he did so (if he did do so) that he was in danger of losing his life or of serious bodily in-

jury at the hands of said Prince Helm and that in so acting the defendant accidentally shot the said Ida Hobbs, or if you have a reasonable doubt thereof then you will acquit the defendant." They found him guilty, and sent him to the penitentiary for assault to murder.

It will be observed that the court submitted the right of self-defense against Prince Helm, and if he accidentally shot his wife they would find him not guilty. We understand the law to be that if he was defending himself against an attack of Prince Helm, and the testimony suggests the theory, and in shooting at Helm he shot his wife, that it would be a case of self-defense. We also further understand the law to be that if in shooting at Helm under the immediate influence of sudden passion he shot his wife, he could be guilty of no higher offense than aggravated assault. If Helm had insulted his wife, or was in such position with her as the law considers it adequate cause, and he shot at Helm under sudden passion produced by the cause, then if he shot Helm he could not be guilty of any higher offense than aggravated assault, death not resulting. He, therefore, could not be guilty of any higher offense in shooting his wife than he would be guilty in shooting Helm. It is objected to the charge that this theory was not presented to the jury by the charge. It should have been given. Appellant could be guilty of no higher offense in shooting his wife under the circumstances than he would in shooting at Helm, if the jury should find that the shot received by his wife was intended for Prince Helm.

Another exception is urged to the charge in this: that the court charged the jury, as stated above, in a general way, that any circumstance or set of circumstances that would produce adequate cause would be sufficient to reduce the homicide, had a killing occurred, to manslaughter, the sudden passion being present. The contention here is as it was below, that this was a statutory adequate cause, to-wit: the insulting conduct to the wife, and the criticism below and here is, that the charge is not sufficient in that it fails to inform the jury directly and affirmatively that if the shooting occurred on account of this conduct on the part of Helm towards appellant's wife, and the passion was thereby engendered, he would not be guilty of a greater offense than manslaughter had the killing occurred, and the killing not having occurred, that his offense would not be higher than aggravated assault. We are of opinion that this contention is correct. Wherever the statute names, as it does in this instance, that insulting conduct about or towards a female relative constitutes adequate cause, it must be expressly mentioned in the charge to the jury as a predicate for the submission of the law in that respect. This the court did not do. The court should have informed the jury that insulting conduct towards the wife would be adequate cause, but that the jury should therefore find if adequate cause existed and the mind of the defendant became thereby inflamed to such a degree as to render it incapable of cool reflection, appellant could be guilty of no

higher grade of offense than aggravated assault, and this being the law, in shooting his wife he would be guilty of no higher offense than if he had shot Helm; that is, he could be guilty of no higher offense than aggravated assault. This contention of appellant and criticism of the court's charge is correct and aptly presents the question.

For the reasons indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*