WHITE *v* JOHN DEERE COMPANY OF LANSING, INC

1. WITNESSES—INTEREST—CREDIBILITY.

The testimony of the defendant that he offered an extended payment schedule to the plaintiffs in exchange for a real estate mortgage, even though not specifically denied by the plaintiffs, need not be credited by the trial judge sitting without a jury because the credibility of an interested witness is a subject whose resolution is solely within the province of the trier of fact.

2. MORTGAGES—TERMS—FINDINGS OF FACT—CANCELLATION.

Finding of a trial judge, sitting without a jury, that defendant had agreed to forbear foreclosing its security interest in equipment sold to plaintiff, and also that no payment was required to be made before December 31, 1971, in exchange for the additional security of a real property mortgage given by plaintiff to defendant, was not clearly erroneous where the mortgage stated that it secured the payment of a certain sum, "said sum to be paid in full on or before December 31, 1971", and plaintiff testified that the mortgage was executed in exchange for defendant's promise that he could retain the equipment until December 31, 1971, without making any payment, as against defendant's testimony that an extended payment schedule requiring interim installment payments was offered in exchange for the mortgage; therefore cancellation of the mortgage was proper where defendant did not forbear but repossessed the equipment before December 31, 1971.

Appeal from Iosco, Allan C. Miller, J. Submitted Division 3 November 3, 1971, at Grand Rapids. (Docket No. 11062.) Decided January 20, 1972.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Witnesses § 863.
[2] 55 Am Jur 2d, Mortgages § 446 *et seq.*

Complaint by Robert and Betty J. White against John Deere Company of Lansing, Inc., for cancellation of a real estate mortgage. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Bartlett, King, Learman, Peters & Sarow,* for plaintiffs.

*Foster, Lindemer, Swift & Collins* (by *David C. Coey* and *Philip T. Carter*), for defendant.

Before: R. B. BURNS, P. J., and LEVIN and T. M. BURNS, JJ.

LEVIN, J. This is an action to obtain cancellation of a mortgage on entireties real estate.

The mortgage was executed by the plaintiffs, Robert White and Betty J. White, to secure repayment of indebtedness owed by White Excavating Company to the defendant, John Deere Company of Lansing, Inc., for equipment sold by Deere to White Excavating. Robert White was the principal stockholder of White Excavating.

In April, 1969 White Excavating was in default and Deere could have foreclosed its security interest in the equipment. The parties are in agreement that in taking the real estate mortgage on the Whites' entireties property as additional security for White Excavating's obligation, Deere agreed to refrain from foreclosing its security interest in the equipment. The disputed issue is factual: what were the terms of the forbearance?

A Deere representative testified that at a meeting in late April, 1969, attended by Robert White and several Deere representatives, Deere offered to allow White Excavating to pay the balance in install-

ments. If the installments were paid, Deere would forbear until December 31, 1971. On May 16, 1969, Deere addressed a letter to White Excavating stating terms of an extended payment schedule requiring payment of periodic installments. The letter does not state that the Whites would be required to provide additional security. The real estate mortgage is dated May 23, 1969, a few days after the letter.

Robert White testified that he did not receive the letter. He testified further that he and his wife executed the mortgage in exchange for Deere's promise that White Excavating could retain the equipment until December 31, 1971 without making any interim payment whatsoever. The mortgage states simply that it secures the payment of $69,502.19, "said sum to be paid in full on or before December 31, 1971". The equipment was repossessed by Deere in the spring of 1970.

The trial judge, who sat without a jury, found that, under the terms of the agreed-upon forbearance, interim installment payments were not required, and cancelled the real estate mortgage.

In his written opinion, the judge stated that he was influenced by Deere's offer of an extended payment schedule, set out in the May 16 letter, which "preceded" the real estate mortgage; therefore, the Whites would not have subsequently executed the mortgage unless they had received something in addition to the extended payment schedule—such as complete forbearance until December 31, 1971. Deere argues that the judge erred because there is nothing in the record from which he could properly have found that Deere did not require the real estate mortgage as further security in return for the extended payment schedule.

The judge's reasoning is, however, somewhat substantiated by Deere's failure to state in the letter of May 16, 1969, which sets forth the proposed extended payment schedule, that additional security—a real estate mortgage—would also be required. Moreover, although the testimony of the Deere representative that he only offered an extended payment schedule in exchange for a real estate mortgage may not have been specifically denied by the Whites, the judge was not obliged to credit the Deere representative's testimony—the testimony of an interested witness. See *Goppelt* v *Burgess,* 132 Mich 28, 30 (1902).

In all events, the essential question is what was the ultimate agreement of the parties. The Whites testified that White Excavating did not have the ability to make payments on the equipment until certain construction projects were completed and that they agreed to give the real estate mortgage only because Deere agreed to a forbearance that would give White Excavating sufficient time to complete those projects before further payments were required.

It was for the judge, as trier of fact, to decide on the credibility of the witnesses. It appears from statements in the judge's opinion that he believed the Whites' testimony. Their testimony supports his finding and conclusion that no payment was required before December 31, 1971, the stated date for payment of the obligation secured by the mortgage. His findings are not clearly erroneous.

Affirmed. Costs to plaintiffs.

All concurred.