# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 5, 2019

155276

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

DIALLO CORLEY,
        Defendant-Appellant.

SC: 155276
COA: 328532
Wayne CC: 14-007466-FC

_____/

On January 24, 2019, the Court heard oral argument on the application for leave to appeal the December 27, 2016 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.305(H)(1). In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals, VACATE the defendant's convictions and sentences, and REMAND this case to the Wayne Circuit Court for a new trial.

In 2015, the defendant was convicted of assault with intent to commit murder, MCL 750.83, assault with a dangerous weapon, MCL 750.82(1), intentionally discharging a firearm from a motor vehicle, MCL 750.234a(1), and possession of a firearm during the commission of a felony, MCL 750.227b(1). The defendant filed a direct appeal and moved to supplement it when he discovered a new witness with exculpatory evidence. The Court of Appeals remanded to the trial court for an evidentiary hearing on the defendant's claims relating to the new evidence.

The trial court denied the defendant's motion for a new trial, holding that as a matter of law—because the eyewitness had a criminal history—his testimony could not make the probability of a different result likely on retrial. The court did not otherwise evaluate the effect the witness's testimony would have had on the result. In an unpublished per curiam opinion, issued December 27, 2016 (Docket No. 328532), the Court of Appeals affirmed the defendant's conviction but remanded the case to the trial court to review his sentences under *People v Lockridge*, 498 Mich 358 (2015).

A new trial should be granted on the basis of newly discovered evidence when a defendant shows: "(1) the evidence itself, not merely its materiality, was newly discovered; (2) the newly discovered evidence was not cumulative; (3) the party could not, using reasonable diligence, have discovered and produced the evidence at trial; and (4) the new evidence makes a different result probable on retrial." *People v Cress*, 468 Mich 678, 692 (2003) (quotation marks and citation omitted). The parties agree that the defendant met the first three elements. Only the fourth, prejudice, is in dispute.

The prosecution's case centered on the believability of the victim. The victim testified that a person with long dreadlocks driving a red Mercury Mountaineer shot five or six bullets at him before driving away. He identified the defendant—who had the described hairstyle—in a photo lineup. But the jury also heard that the victim had a criminal conviction involving theft and that he admitted to lying to a physical therapist about his injuries and again under oath at the defendant's preliminary hearing about his middle name.

At the posttrial evidentiary hearing, the newly discovered witness testified that on the day of the shooting, he was in the neighborhood for an unrelated encounter. He was never a suspect in the crime and had no connection to either the defendant or the victim. The defendant found this witness after his mother learned from a family friend at a funeral that he may have witnessed the shooting and hired a private investigator to locate him based only on his social media alias. This witness's account differed from the victim's considerably. He saw no red vehicle; instead, he testified that the shooter, whose hairstyle was short, with brush waves in a circular pattern, approached the victim on foot from in between two houses, fired at least three shots, and ran back in the same direction he came from after the victim fell to the ground.

The eyewitness's testimony plainly undermined the prosecution's evidence. But the trial court did not evaluate that question, instead holding that the witness's criminal history made him not credible as a general matter. The Court of Appeals majority affirmed but with additional reasoning—that the witness would not have been believed due to his criminal history and the fact that his version of the shooting differed from the victim's. Alternatively, the majority believed that the witness would not be believable due to his distrust of the criminal justice system.

This is an unusual case because the trial court did not make findings of fact that are owed deference. Its holding that the witness is not credible solely as a result of his criminal conviction was erroneous. And we disagree with the Court of Appeals majority's analysis that the new testimony did not make a different result probable on retrial. The prosecution's evidence was not overwhelming, and the new witness's testimony would have undermined that evidence significantly. Notwithstanding his criminal record, this disinterested witness's detailed account makes a different result probable on retrial.

CLEMENT, J. (*dissenting*).

I would not grant the defendant in this matter a new trial outright. Instead, I would return this case to the trial court to perform a proper analysis of whether the newly discovered witness could, legally, be impeached with his prior conviction, and to create a better record for reviewing courts to assess on appeal.

Because I disagree with the relief the majority is ordering, I must dissent, but in reality there is less that separates me from the majority than it may seem. I entirely agree that defendant should receive some relief, because the trial court's handling of this case was inadequate. But the trial court's first error, which goes unaddressed in this Court's order, is that it never performed a proper analysis under MRE 609. Defendant's new witness had a prior conviction for armed robbery. The trial court opined that if the witness "had given testimony at the time of trial . . . , certainly his testimony could be impeached, pursuant to MRE 609 . . . ." But MRE 609(a)(2)(B) only allows a prior conviction for a theft offense to be used to impeach a witness if "the court determines that the evidence has significant probative value on the issue of credibility and . . . the court further determines that the probative value of the evidence outweighs its prejudicial effect." A series of exclusive factors to consider in assessing probative value and prejudicial effect is then provided in MRE 609(b), which also says that "[t]he court must articulate, on the record, the analysis of each factor."

A trial court's failure to properly perform an MRE 609 analysis is erroneous. "[A] trial judge may in the exercise of discretion exclude reference to a prior conviction record, and . . . it is error to fail to recognize that he has such discretion and, therefore, to fail or to refuse to exercise it." *People v James Jackson*, 391 Mich 323, 336 (1974), overruled in part on other grounds by *People v Hickman*, 470 Mich 602 (2004), and *McDougall v Schanz*, 461 Mich 15 (1999). "In order to comply with *Jackson* the trial court must positively indicate and identify its exercise of discretion." *People v Cherry*, 393 Mich 261, 261 (1974). In *People v West*, 408 Mich 332, 339-340 (1980), the trial court simply announced " 'Motion *in limine* denied,' " which we held "d[id] not comply with the dictates of *Cherry* and *Jackson*." However, "[r]eversal of the defendant's convictions is not the proper remedy for the trial court's failure to articulate its reasons for admitting a prior conviction for impeachment on the record, as required by MRE 609(b)." *People v Watts*, 482 Mich 980, 980 (2008). Instead, in *Watts*, we ordered a double remand, directing the Court of Appeals to retain jurisdiction while remanding the case to the trial court "to make a record of its decision to permit impeachment of the defendant with an armed robbery conviction." *Id*. "*Upon completion of that analysis by the trial court*," we directed the Court of Appeals to "consider whether the trial court abused its discretion in admitting the prior conviction . . . ." *Id*. (emphasis added).

Even if we are to assume that the trial court *implicitly* held that the prior conviction here satisfied MRE 609, the court committed a second error: after noting the possibility of impeaching the new witness on the basis of a prior conviction, the court then said that "[t]he defendant's contention that this newly discovered evidence . . . would make a different result probable is therefore . . . untenable." In other words, it apparently concluded that the existence of the prior conviction would *inevitably* have made the new witness incredible in the eyes of a fact-finder. As the Court's order notes, the trial court failed to "otherwise evaluate the effect the witness's testimony would have had on the result." But the Court's order also notes that "[t]his is an unusual case because the trial court did not make findings of fact that are owed deference." I agree that this was an error on the part of the trial court, and that the lack of factual findings makes this an unusual case. However, I believe the proper response is a remand for these missing findings of fact. "[A] judge . . . is obliged to articulate the reasons for his decision in findings of fact." *People v Robert Jackson*, 390 Mich 621, 627 (1973) (addressing bench trials). Where, as here, "[t]here is sufficient doubt whether the judge correctly applied the law to the facts of this case," the appropriate remedy is to "remand for additional fact finding . . . ." *Id*. at 628.

While I agree that defendant in this matter should receive relief, I disagree with the Court's decision to grant defendant a new trial outright, and would instead direct the sort of double remand we indicated in *Watts* was the proper remedy for this error.

ZAHRA, J., joins the statement of CLEMENT, J.





I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 5, 2019

Clerk

a0402