*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

VALDEN DEVONE WHITE,

Defendant-Appellant.

FOR PUBLICATION
January 23, 2020
9:10 a.m.

No. 346901
Kent Circuit Court
LC No. 17-003777-FH

Before: O'BRIEN, P.J., and RONAYNE KRAUSE and GADOLA, JJ.

RONAYNE KRAUSE, J.

Defendant, Valden Devone White, appeals as of right his convictions by a jury of storing a stolen firearm, MCL 750.535b; felon in possession of a firearm, MCL 750.224f; felon in possession of ammunition, MCL 750.224f(6); violent felon in possession of body armor, MCL 750.227g(9)(a); maintaining a drug house, MCL 333.7405(d); possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b; and possession of marijuana, MCL 333.7403(2)(d). The trial court sentenced defendant to 28 to 180 months' imprisonment for the storing a stolen firearm conviction, 28 to 90 months' imprisonment for the felon in possession of a firearm conviction, 28 to 90 months' imprisonment for the felon in possession of ammunition conviction, 28 to 72 months' imprisonment for the violent felon in possession of body armor conviction, 24 to 36 months' imprisonment for the maintaining a drug house conviction, 2 years' imprisonment for the felony-firearm conviction, and 12 to 24 months' imprisonment for the possession of marijuana conviction. Defendant argues that he was denied effective assistance of counsel pertaining to defendant's rejection of a plea offer prior to his preliminary examination. We disagree and affirm the jury's verdict.

## I. BACKGROUND FACTS

On the basis of information obtained from a confidential informant, Detective Lindsey Jo Moorehead obtained a search warrant to install a GPS tracker on defendant's vehicle. After following defendant for six days, the police obtained a warrant to search defendant's home. The police arrested defendant while defendant was driving, and they found several hundred dollars and marijuana on his person. The police then searched defendant's home. During the search, the

police found a bottle of codeine; two handguns; marijuana; a bulletproof vest; drug paraphernalia; and a safe that contained ammunition, about $13,000, and traces of cocaine.

Detective Moorehead interviewed defendant while the other officers conducted the search of his home. According to Detective Moorehead, defendant told her that the guns, the money, and the bulletproof vest belonged to him. He also stated that he used cocaine and crack cocaine and that he sold drugs to his friends. As will be discussed more fully, defendant maintains that he was not given his *Miranda*[1] rights, did not commit any of the charged offenses other than possession of marijuana, and did not confess to Detective Moorehead. Defendant rejected a plea offer under which certain charges would not be brought if defendant waived the preliminary examination. Defendant proceeded with the preliminary examination.[2] Defendant was convicted and sentenced as stated above. Defendant obtained a *Ginther*[3] hearing, following which the trial court determined that trial counsel had not been ineffective. Defendant now appeals, arguing that if he had received competent advice from his trial attorney, he would not have rejected the first plea offer.

## II. STANDARD OF REVIEW AND PRINCIPLES OF LAW

Defendants are entitled to the effective assistance of counsel when considering or negotiating a plea agreement. *People v Douglas*, 496 Mich 557, 591-592; 852 NW2d 587 (2014). Defense counsel's obligation was to properly advise defendant regarding "the nature of the charges or the consequences of the guilty plea" and the "possible defenses to the charges to which the defendant is pleading guilty," so defendant has "the ability to make an intelligent and informed choice from among his alternative courses of action." *People v Corteway*, 212 Mich App 442, 445; 538 NW2d 60 (1995). The proper remedy for ineffective assistance of counsel during plea negotiations will depend on the circumstances of the case, but it could potentially entail resentencing or requiring a rejected plea to be reoffered. *Lafler v Cooper*, 566 US 156, 171; 132 S Ct 1379; 182 L Ed 2d 398 (2012).

As with any other claim of ineffective assistance, "[t]he defendant has the burden of establishing the factual predicate of his ineffective assistance claim." *Douglas*, 496 Mich at 592. "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler*, 566 US at 163. Thus,

> [a] defendant seeking relief for ineffective assistance in this context must meet *Strickland*[*v Washington*, 466 US 668, 690; 104 S Ct 2052; 80 L Ed 2d 674 (1984)]'s familiar two-pronged standard by showing (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the

---

[1] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

[2] Defendant also later rejected a substantially less generous plea offer before trial, but defendant emphasizes on appeal that his ineffective assistance claim pertains only to the first plea offer.

[3] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

result of the proceeding would have been different." [*Douglas*, 496 Mich at 592, quoting *Lafler*, 566 US at 163.]

*Lafler* did not create a new rule of law, but rather only established how the familiar *Strickland* test applied to plea negotiations. *People v Walker*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 332491, slip op at p 10).[4] Counsel's performance is strongly presumed to have been "born from a sound trial strategy." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). This Court should not "substitute our judgment for that of counsel" or "use the benefit of hindsight when assessing counsel's competence." *People v Unger*, 278 Mich App 210, 242-243; 749 NW2d 272 (2008). A trial strategy is not ineffective simply because it ultimately does not succeed. *People v Kevorkian*, 248 Mich App 373, 414-415; 639 NW2d 291 (2001). A strategy is also not ineffective because it entails taking calculated risks, especially if the range of available options for the defense is meagre. *People v Pickens*, 446 Mich 298, 324-325; 521 NW2d 797 (1994).

When a defendant claims to be prejudiced by rejecting a plea offer based on ineffective assistance of counsel, the defendant must show (1) "that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances)"; (2) "that the court would have accepted its terms"; and (3) "that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler*, 566 US at 163-164. "Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). This Court reviews for clear error a trial court's findings of fact and de novo questions of constitutional law. *Id*. This Court defers to the trial court's superior position to evaluate the relative credibilities of witnesses who testified before it. *People v Johnson*, 502 Mich 541, 565; 918 NW2d 676 (2018).

III. ANALYSIS

Defendant argues that he was denied his right to effective assistance of counsel because defense counsel misadvised him as to whether to reject the prosecution's plea offer and proceed to preliminary examination. We disagree.

Defendant was originally charged with storing a stolen firearm, felon in possession of a firearm, possession of codeine less than 25 grams, violent felon in possession of body armor, maintaining a drug house, and possession of marijuana. Before preliminary examination, the prosecution offered defendant the opportunity to plead guilty to storing a stolen firearm, felon in possession of a firearm, and possession of codeine less than 25 grams in exchange for dismissal

---

[4] Contrary to defendant's argument the facts in *Walker* were meaningfully distinguishable from the facts in the instant matter. In *Walker*, the defendant's trial counsel did not even inform the defendant of a plea offer. *Walker*, ___ Mich App at ___ (slip op at p 2).

of the other three counts. The prosecution also warned defendant that if he proceeded to the preliminary examination, the prosecution would add charges of felony-firearm and felon in possession of ammunition to defendant's charges. Defendant decided to proceed to preliminary examination, and the additional charges were added.

It is not disputed that the rejected plea offer[5] would have resulted in a less serious array of convictions and sentences, and we presume, although we do not decide, that the prosecution would not have withdrawn the offer. *Lafler*, 566 US at 163-164. At issue is whether defendant would have accepted the offer if trial counsel had provided him with allegedly more competent advice, and whether the offer might have been accepted by the trial court.

Initially, defendant asserts that trial counsel made a variety of alleged mistakes throughout the proceedings *after* the plea was rejected. Defendant's argument is difficult to follow, but it apparently turns on the theory that counsel's alleged subsequent errors, which defendant does not even assert constituted ineffective assistance of counsel, prove that he must have been ineffective in providing advice regarding the plea offer. What happened after defendant rejected the plea is irrelevant,[6] and in any event, a trial strategy is not ineffective for being risky or unsuccessful. *Kevorkian*, 248 Mich App at 414-415; *Pickens*, 446 Mich at 324-325. Furthermore, trial counsel indicated his awareness that the confession was the most important piece of evidence, and his general goal was to try to find a way to suppress or undermine the confession despite having very little other evidence with which to work. Defendant having already made the decision to reject the plea offer by that time, we find nothing unsound about trial counsel's strategy or his implicit determination that the only available options were essentially a "long shot."

The heart of defendant's claim is that trial counsel erred by failing to "explain to [defendant] why there was no legal support for his claim of innocence" or "the legal implications of the facts to which [defendant] had admitted." Particularly, defendant argues that trial counsel failed to explain, before rejecting the plea offer, that he was "legally" guilty because of his confession; defendant argues that he was therefore incorrect to believe that he was innocent. Defendant apparently fails to comprehend two significant and fundamental legal incompatibilities with his argument.

First, that a trial court may not accept a guilty plea without placing the defendant under oath and establishing a factual basis for defendant's guilt. MCR 6.302; *People v Watkins*, 468

---

[5] We reiterate that in his brief on appeal, defendant explains that his ineffective assistance claim is based only on the first plea offer.

[6] We do, however, note that because defendant denied making a confession at all, rather than claiming that his confession occurred but was involuntary, his confession was properly a question of fact for the jury rather than a proper subject for a *Walker* hearing. See *People v Neal*, 182 Mich App 368, 371-372; 451 NW2d 639 (1990). Counsel is not ineffective for failing to pursue a meritless position. *People v Riley (After Remand)*, 468 Mich 135, 142; 659 NW2d 611 (2003).

Mich 233, 238; 661 NW2d 553 (2003). Courts in Michigan are required to evaluate a defendant's *actual* guilt before accepting a plea, not just "the mere expression of willingness by the prosecutor and defendant to strike a bargain." See *People v Butler*, 43 Mich App 270, 279-280; 204 NW2d 325 (1972). It is not disputed that defendant maintained his actual innocence of all charges other than possession of marijuana, and he continued to maintain his actual innocence throughout the *Ginther* hearing. If defendant truly had not committed (or truly believed he had not committed) any of the crimes to which he allegedly confessed, then entering a guilty plea would have entailed committing perjury. MCL 750.423(1). It is *per se* not ineffective for counsel to refrain from seeking to admit perjured testimony; indeed, counsel is obligated to prevent a client from committing perjury of which counsel is aware. See *People v Collier*, 105 Mich App 46, 56; 306 NW2d 387 (1981); see also MCL 750.424; MCL 750.425.

Secondly, that the jury was not required to believe the confession, even in the absence of any contradictory evidence. See *People v Jackson*, 390 Mich 621, 624-625; 212 NW2d 918 (1973); *People v Fuller*, 395 Mich 451, 453-454; 236 NW2d 58 (1975). Indeed, the jury is not even required to accept facts to which the parties have stipulated. M Crim JI 4.7. Trial counsel was emphatic that he explained to defendant that the confession, whether or not it was true, made acquittal an extremely unlikely outcome. Defendant is certainly correct that the confession made his defense difficult. However, defendant is incorrect to assert that the confession was somehow legally binding. Defendant's confession was a highly prejudicial piece of evidence, but nevertheless it was nothing more than a piece of evidence. The confession made an acquittal improbable, but it did not make defendant "legally guilty."

Furthermore, trial counsel explained that he wanted to proceed with the preliminary examination because he lacked information he believed might help him undermine or suppress the confession, he had been assured by the prosecution that there was no further discovery to be handed over, and therefore the preliminary examination might be defendant's only way to obtain that information. Trial counsel warned defendant of the risk of proceeding to preliminary examination. However, trial counsel also warned defendant that if he accepted the prosecution's plea offer, he would serve time in prison. According to trial counsel, when defendant realized he was facing a felony and potential prison time even under the plea offer, he was not willing to accept that plea offer. Additionally, as noted, defendant maintained that he was innocent and denied making a confession to Detective Moorehead. Defendant contends that defense counsel never told him what it meant to add felony-firearm to his list of charges, but defense counsel testified that he did. To the extent defendant's testimony conflicts with trial counsel's testimony at the *Ginther* hearing, we defer to the trial court's finding that trial counsel was more credible. *Johnson*, 502 Mich at 565. The record shows that trial counsel reasonably and accurately advised defendant of the nature of the dilemma he faced, had a sound reason for proceeding with the preliminary examination, and properly refrained from suborning perjury.

As stated earlier, to prove ineffective assistance of counsel, a defendant must also show that defense counsel's objectively deficient performance prejudiced him. *Douglas*, 496 Mich at 592. The trial court did not clearly err in accepting trial counsel's testimony that defendant was disinclined to plead guilty to a felony he maintained he did not commit and where such a plea would result in serving a prison sentence. Therefore, defendant did not meet his burden of establishing that he would have accepted the prosecution's plea offer and that there was "a reasonable probability that the plea offer would have been presented to the court." See *Lafler*,

566 US at 164. Furthermore, because defendant maintained his innocence, it is not clear that the trial court could have established, to its satisfaction, a factual basis for a guilty plea. See MCR 6.302(D)(1). We are therefore also unpersuaded that the trial court would have accepted the plea. See *Douglas*, 496 Mich at 592. Even if trial counsel's advice had been objectively substandard, which it was not, defendant cannot establish that trial counsel's performance prejudiced him.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Colleen A. O'Brien
/s/ Michael F. Gadola