## PEOPLE v THOMAS

1. CRIMINAL LAW—NEW TRIAL—ATTORNEY AND CLIENT—ASSISTANCE
   OF COUNSEL—DUE PROCESS—HEARING—ARGUMENT—APPEAL
   AND ERROR.

   New trial before another judge is granted where defendant was
   erroneously denied an essential element of his due process
   right to a hearing and of his right to the assistance of counsel
   when the trial judge would not allow his attorney his requested
   opportunity to make a closing argument and the trial judge
   erroneously disregarded his position as an impartial fact finder
   by finally settling his mind and finding defendant guilty before
   defense counsel was given an opportunity to review the facts
   from defendant's point of view.

2. CRIMINAL LAW—APPEAL AND ERROR—LEAVE TO APPEAL—COURT
   RULES—WITNESSES—IDENTIFICATION—ALIBI—NEW TRIAL.

   Michigan Supreme Court grants leave to appeal, and enters a
   final decision on its own motion pursuant to a court rule
   because a speedy disposition is in the interest of both the
   people and defendant where the case centers on eyewitness
   identification and an alibi defense and the earlier a new trial is
   held, the more likely that both sides will be able to present a
   complete case (GCR 1963, 853.2[4]).

Appeal from Court of Appeals, Division 1, V. J.
Brennan, P. J., and Holbrook and Van Valken-
burg, JJ., affirming Recorder's Court of Detroit,
Thomas L. Poindexter, J. (Docket No. 54,971.)
Decided October 3, 1973.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur 2d, New Trial §§ 73, 75.
[2] 58 Am Jur 2d, New Trial §§ 4, 6.
  Right of trial court to grant new trial as affected by appellate
  proceedings. 139 ALR 340.

Stanley Kenneth Thomas was convicted of armed robbery. Defendant appealed to the Court of Appeals. Affirmed. Defendant appeals. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Per Curiam Memorandum Opinion. Defendant, Stanley Kenneth Thomas, was bench tried in recorder's court on the charge of armed robbery. MCLA 750.529; MSA 28.797.

At the close of defendant's proof of his alibi defense, defense counsel made a motion for a directed verdict of acquittal. The trial judge did not rule on the motion. Instead, he immediately found defendant guilty without allowing defense counsel his requested opportunity to offer a closing argument. Defendant's conviction was affirmed by the Court of Appeals.

We are in accord with the reasoning expressed in *United States v Walls,* 443 F2d 1220 (CA 6, 1971) wherein the United States Court of Appeals for the Sixth Circuit speaking through Judge McCree found reversible error in the trial judge's failure to permit Walls' attorney to make a closing argument:

"We also hold that the court erroneously denied defense counsel an opportunity to argue his case at the close of proofs. Immediately following the conclusion of the case for the defense, the court stated his finding of guilty, and court was adjourned. Defense counsel thereafter called the omission of argument to the court's

attention, and the record was reopened. However, the court correctly stated that argument then would be futile because he had made up his mind. Preclusion of closing argument denied appellant the effective assistance of counsel. *Thomas v District of Columbia,* 67 App.D.C. 179, 90 F.2d 424, 428 (1937); *United States ex rel. Wilcox v. Com. of Pennsylvania,* 273 F.Supp. 923, 925–926 (E.D.Pa. 1967). This principle has also been widely recognized by state courts which have considered it. *See, e. g., Yopps v State,* 228 Md. 204, 178 A.2d 879 (1962); *Decker v. State,* 113 Ohio St. 512, 150 N.E. 74 (1925); Annot., 38 A.L.R.2d 1396, § 2[b] (1954). *See generally* Annot., 6 A.L.R.3d 604 (1966)." 443 F2d 1220, 1223–1224.

Defendant Thomas was erroneously denied an essential element of his due process right to a hearing and of his right to the assistance of counsel when the trial judge would not allow his attorney to make a closing argument. Moreover, we also find that the trial judge erroneously disregarded his position as an impartial fact finder by finally settling his mind before defense counsel was given an opportunity to review the facts from defendant's point of view.

We grant leave to appeal, and enter a final decision on our own motion pursuant to GCR 1963, 853.2(4). A speedy disposition is in the interest of both the people and the defendant. This case centers on eyewitness identification and an alibi defense. The earlier a new trial is held, the more likely that both sides will be able to present a complete case.

The Court of Appeals is reversed, and the case is remanded to the recorder's court for a new trial before another judge.

T. M. Kavanagh, C. J., and T. E. Brennan, T. G. Kavanagh, Swainson, Williams, Levin, and M. S. Coleman, JJ., concurred.