PEOPLE v SPIVEY

Docket No. 50897. Submitted May 6, 1981, at Detroit.—Decided July 30, 1981.

Thomas E. Spivey was convicted of larceny from a person, Detroit Recorder's Court, Clarence Laster, Jr., J. The defendant appeals, alleging that the trial court erred in not holding an evidentiary hearing in order to determine whether law enforcement officials fabricated a few sentences in his written confession and in allowing him to be impeached by evidence of a prior conviction for assault with intent to rob. *Held:*

The trial court did not err in not holding an evidentiary hearing. The question of the fabrication of sentences in the defendant's written confession was for the trier of fact. The trial court did not abuse its discretion in allowing impeachment of the defendant by evidence of the prior conviction.

Affirmed.

1. CRIMINAL LAW — CONFESSIONS — VOLUNTARINESS.

The purpose of a hearing to determine the voluntariness of a defendant's confession is to prevent prejudice to the defendant which may occur where a defendant has given inculpatory statements to the police which are considered legally inadmissible due to the coercive circumstances surrounding the confession.

2. CRIMINAL LAW — CONFESSIONS.

Factors other than voluntariness relating to a defendant's confession, such as credibility, truthfulness and whether the statement had been made at all are for the determination of the trier of fact.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,*

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence §§ 529, 543.
    Constitutional aspects of procedure for determining voluntariness of pretrial confession. 1 ALR3d 1251.
[2] 29 Am Jur 2d, Evidence § 587.

Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Daniel R. Siefer,* for defendant on appeal.

Before: BASHARA, P.J., and N. J. KAUFMAN and J. L. BANKS,* JJ.

PER CURIAM. Defendant appeals his jury conviction of larceny from a person, MCL 750.356; MSA 28.588.

Initially, defendant contests the trial court's ruling that a *Walker*[1] hearing was not necessary. Defendant did not contest the voluntariness of his confession. Rather, he sought an evidentiary hearing in order to prove that law enforcement officials had fabricated a few sentences which he claimed that they inserted into the confession.

We agree with the trial court's conclusion that no evidentiary hearing was necessary. The purpose of the *Walker* hearing is to prevent prejudice to the defendant which may occur where a defendant has given inculpatory statements to the police which are considered legally inadmissible due to the coercive circumstances surrounding the confession. *Walker* represents an exception to the general rule that fact questions are properly for the jury's consideration. Other factors relating to the confession, such as credibility, truthfulness and whether the statement had been made at all, remain for the determination of the trier of fact. *People v Mosley (On Remand),* 72 Mich App 289, 294; 249 NW2d 393 (1976), *aff'd on other grounds* 400 Mich 181; 254 NW2d 29 (1977), *People v*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

*Gilbert,* 55 Mich App 168, 172; 222 NW2d 305 (1974), *People v Mathis (On Remand),* 75 Mich App 320, 324; 255 NW2d 214 (1977). Thus, we find no error in the trial court's decision.

Defendant also challenges the trial court's ruling allowing his impeachment by use of evidence of a prior conviction for assault with intent to rob. Review of the record reveals compliance with MRE 609, as it existed at the time of trial. In addition, we find no abuse of discretion in the trial court's determination that the probative value of the evidence outweighed its prejudicial effect. *People v Crawford,* 83 Mich App 35, 39; 268 NW2d 275 (1978).

Affirmed.