PEOPLE v WEATHERSPOON

Docket No. 92188. Submitted December 3, 1987, at Detroit. Decided
September 19, 1988.

Bruce Weatherspoon was charged with armed robbery and was
convicted of unarmed robbery following a jury trial in the
Detroit Recorder's Court. The trial court, James R. Chylinski,
J., sentenced defendant to from three to fifteen years imprison-
ment. Defendant appealed alleging several errors.

The Court of Appeals held:

1. The trial court properly declined to determine whether
defendant's confessions were made voluntarily since defendant
denied making the confessions. The question whether the de-
fendant made the statements was correctly left to the jury to
decide. However, the question of voluntariness remains unan-
swered and the case is remanded to the trial court for a
hearing to decide the issue. If the court determines that the
statements were coerced, they should be suppressed and a new
trial granted. If no coercion is found, the verdict should be
upheld.

2. The trial court properly refused to instruct on attempt
since there was no evidence that a robbery was merely at-
tempted and the evidence is overwhelming that a completed
robbery took place.

3. The prosecutor did not improperly question defendant on
the ultimate issue of guilt.

4. The prosecutor's closing remarks do not warrant reversal.
The prosecutor's error in appealing to the jurors' sympathies

REFERENCES

Am Jur 2d, Appeal and Error §§ 624-627, 896.

Am Jur 2d, Criminal Law §§ 535 et seq.

Am Jur 2d, Evidence §§ 611, 612, 1124.

Am Jur 2d, Trial §§ 218 et seq., 260, 261, 876 et seq., 1078 et seq.

Admissability of pretrial confession in criminal case—Supreme
Court cases. 22 L Ed 2d 872.

Propriety and prejudicial effect of prosecutor's argument to jury
indicating his belief or knowledge as to guilt of accused—modern
state cases. 88 ALR3d 449.

does not require reversal because a timely requested curative instruction would have averted prejudice.

5. The trial court did not abuse its discretion in excusing a juror following closing arguments and prior to the charge to the jury.

6. There was no accumulated error which denied defendant a fair trial.

7. Defendant was sentenced for unarmed robbery, the crime of which he was convicted, not armed robbery.

Remanded.

1. CRIMINAL LAW — EVIDENCE — DEFENDANT'S STATEMENTS — VOLUNTARINESS.

The question of fact whether a statement was made by a defendant is separate from the question of fact regarding the voluntariness of the statement; where the defendant denies that the statement is his, the question whether the defendant made the statement is properly left to the jury's determination; where the jury determines that the defendant in fact made the statement, the determination of voluntariness is for the trial court.

2. CRIMINAL LAW — JURY INSTRUCTIONS — ATTEMPT.

An instruction on attempt need not be given unless there is evidence, or on jury view a lack of evidence, indicating that only an attempt was committed.

3. CRIMINAL LAW — EVIDENCE — ULTIMATE ISSUE OF GUILT.

A prosecutor may not question a defendant on the ultimate issue of guilt since the jury is entrusted with the duty to decide criminal responsibility.

4. APPEAL — PRESERVING QUESTION.

Review of objections to statements made by a prosecutor at trial is precluded where such objections are raised for the first time on appeal unless the prejudicial effect of the statements was so great that even a cautionary instruction would not have overcome it and the failure to review would result in a miscarriage of justice.

5. PROSECUTING ATTORNEYS — TRIAL.

A prosecutor, in his arguments at trial, may draw inferences from the evidence presented at trial; a colorful argument that the defendant's testimony is not credible is proper when based on the evidence; however, a prosecutor may not vouch for the defendant's guilt by using the prestige of his office nor make improper appeals to the jurors' sympathies.

6. TRIAL — JURY — EXCUSING JURORS — APPEAL.

Should any condition arise during a trial which in the opinion of the trial court justifies the excusal of any of the impaneled jurors from further service, the trial court may excuse the juror and the trial shall proceed, unless the number of jurors be reduced to less than twelve; excusal of a juror is justified where the interests of the public or the individual juror will be materially injured by his attendance; reversal of a decision to excuse a juror will be ordered only for a clear abuse of discretion and where the defendant can show prejudice (MCL 600.1335, 768.18; MSA 27A.1335, 28.1041).

7. CRIMINAL LAW — SENTENCING.

A sentencing judge may not make an independent finding of guilt on a charge other than the one for which a defendant was convicted and assert that as a basis for the sentence imposed.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Jan J. Raven,* Assistant Prosecuting Attorney, for the people.

*John D. Lazar,* for defendant.

Before: SULLIVAN, P.J., and CYNAR and R. J. TAYLOR,* JJ.

R. J. TAYLOR, J. Defendant was charged with armed robbery, MCL 750.529; MSA 28.797, and convicted of unarmed robbery, MCL 750.530; MSA 28.798, after a November, 1985, jury trial in Detroit Recorder's Court. He received a sentence of three to fifteen years imprisonment with credit for thirty-three days served. Defendant takes this appeal as of right from his conviction and sentence.

The incident giving rise to defendant's conviction occurred near a Detroit intersection at approximately 1:15 A.M. on July 2, 1985. Two men

---

* Circuit judge, sitting on the Court of Appeals by assignment.

carrying guns approached the victim, grabbed her purse, and ran back to a car which then drove away. The victim flagged down a police car and described her assailants' vehicle. A few minutes later the police car pulled behind the vehicle described by the victim.

One of the officers at the scene testified that when he first saw the car described by the victim it contained two male occupants and was letting off two other men. Defendant jumped from the driver's seat to the back seat when the patrol car's flashers were activated. The officer confiscated a .32 caliber revolver from the glove box of the vehicle and the victim's purse from the front seat. A second gun was found on a nearby lawn.

Defendant testified at trial that he neither drove the car nor robbed the victim. He stated that he was in the back seat with his cousin when the driver pulled over and got out of the car with another man who had been in the front seat. He stated that these two men robbed the victim. When the men returned to the car, defendant saw that one of them had a gun and the other a purse. Defendant denied jumping from the front to the back seat when he saw the police car.

Defendant's appeal is based on the following arguments:

1. The trial court erroneously admitted defendant's signed confession at trial without determining whether it was voluntary.

2. The trial court should have instructed the jury on attempt.

3. The prosecutor improperly transformed the trial into a guilty plea situation by questioning defendant as to whether a robbery actually occurred.

4. The prosecutor's closing remarks were so prejudicial that a new trial is warranted.

5. The trial court improperly excused a juror.

6. Defendant was denied due process by the cumulative effect of the foregoing errors.

7. The trial court failed to sentence defendant for the offense of which he was convicted.

We remand for a hearing on the voluntariness of defendant's signed confession. Defendant's other objections are without merit.

I

### A HEARING ON THE VOLUNTARINESS OF DEFENDANT'S CONFESSION IS REQUIRED

Defendant testified at trial that one of the arresting officers choked him and beat him on the back of the legs with what he thought was a flashlight. He was put into a jail cell for four or five hours after his arrest, but was too sore to sleep. Defendant further testified that on the morning of July 2 Police Sergeant Leo Stebbins brought him from his cell to sign a paper. When defendant asked what he was signing, the sergeant replied: "Don't ask any questions, mother fucker. Just sign that." Defendant stated that he signed the paper because he had been beaten and was afraid. He stated that Stebbins "was threatening my life." Stebbins then took defendant back to his cell, but brought him out again a short time later to sign another confession. Defendant denied telling Stebbins anything that was in either of the signed statements.

Sergeant Stebbins testified that, after reading and signing a constitutional rights certification form, defendant confessed to driving the car and pulling off after one of the other passengers committed the robbery. Stebbins then informed defendant that he would be placed in a showup. Upon

learning of the showup, defendant wanted to change his statement. In a second confession, defendant stated: "I got out of the car with Andre and took the lady's purse while he held a gun on her."

At a hearing pursuant to *People v Walker (On Rehearing)*, 374 Mich 331; 132 NW2d 87 (1965), the trial court refused to rule on the voluntariness of defendant's statements and admitted them as evidence at trial. The court stated, "If there is a denial that the statement is his, then there is nothing . . . that the Court may properly rule on. . . . The question then becomes a matter of fact for the jury."

The question whether a statement was made is separate from a determination of voluntariness. *People v Spivey*, 109 Mich App 36, 37; 310 NW2d 807 (1981). Both issues are questions of fact. Although questions of fact are normally left to the jury to decide, our Supreme Court created an exception to this general rule in *People v Walker, supra. Walker* delegates the determination of voluntariness to the trial court in order to avoid submitting the issue to the same jury which tries the defendant's guilt or innocence. *People v Spivey, supra; People v Walker, supra,* 374 Mich 333. All other fact issues relevant to the weight and credibility of a defendant's statement are left to the jury. *Id.,* 374 Mich 337.

Thus, in *People v Spivey, supra,* and *People v Washington,* 4 Mich App 453, 455; 145 NW2d 292 (1966), this Court held that it is not error for the trial court to deny a *Walker* hearing where a defendant contests the fact of a statement rather than its voluntariness. In light of these opinions, the trial court in the instant case was justified in its failure to rule on the issue of voluntariness. A ruling on voluntariness would have presupposed

the fact that defendant made the statements in question. Such presupposition would have been improper because defendant here has denied making any statements to the police. The question whether defendant made the statements was correctly left to the jury to decide in this case.

The jury was instructed that it had to determine whether defendant in fact confessed, and its verdict implies its finding that defendant made inculpatory statements to the police. However, the question of voluntariness remains unanswered and we remand for a hearing to decide the issue. If the trial court determines that defendant's statements were coerced, they should be suppressed and a new trial granted. Otherwise, the jury's verdict should be upheld, as no further grounds for reversal are presented here.

II

THE EVIDENCE DOES NOT SUPPORT A JURY
INSTRUCTION ON ATTEMPT

At the close of proofs, the jury was instructed on armed robbery, assault with intent to rob being armed, assault with intent to rob being unarmed and unarmed robbery. The court also instructed on the theory of aiding and abetting. Counsel's request for an instruction on attempted armed robbery was refused.

An instruction on attempt need not be given unless there is evidence, or on jury view a lack of evidence, indicating that only an attempt was committed. *People v Adams,* 416 Mich 53, 59; 330 NW2d 634 (1982). This is because neither an attempt to commit an offense nor all its elements are elements of the completed offense. *Id.,* 416 Mich 58-59. Here, there was no evidence to suggest

that a robbery was merely attempted; in fact, the evidence is overwhelming that a completed robbery took place. Accordingly, we find no error in the trial court's refusal to instruct on attempt.

III

### THE PROSECUTOR DID NOT IMPROPERLY QUESTION DEFENDANT ON THE ULTIMATE ISSUE OF GUILT

Defendant asserts that the prosecutor transformed his trial into a guilty plea situation in the following exchange:

*Q.* Sir, Mr.—your Defense Attorney, he used the phrase "alleged rape"—"alleged robbery." This was no alleged robbery. This was a robbery, wasn't it?
*A.* Yes.
*Q.* There is nothing alleged. The woman was robbed, right?
*A.* Yes.
*Q.* Robbed at gunpoint?
*A.* Right.
*Q.* Right?
*A.* Right.

Because the jury is entrusted with the duty to decide criminal responsibility, the prosecutor may not question a defendant on the ultimate issue of guilt. *People v Bragdon,* 142 Mich App 197, 199; 369 NW2d 208 (1985). Here, the prosecutor's questions focused on whether an armed robbery took place, not on whether defendant participated in the robbery. We find no impropriety, as the questioning did not concern the issue of defendant's guilt.

IV

### THE PROSECUTOR'S CLOSING REMARKS DO NOT WARRANT REVERSAL

Defendant asserts that the prosecutor's closing remarks injected facts not of record, denigrated his defense, appealed to the jury to sympathize with the victim and suggested that the jury had a civic duty to convict. Defendant raises his objections for the first time on appeal with respect to all but one of the contested remarks.

Defendant objected at trial to the prosecutor's statement that "[t]hey are driving around looking to stick somebody up," protesting that the statement contains facts not of record. We disagree. In *People v Viaene,* 119 Mich App 690, 696-697; 326 NW2d 607 (1982), this Court held that the prosecutor may draw inferences from the evidence presented at trial. Here, the prosecutor's statement was a reasonable conclusion drawn from testimony at trial that defendant was picked up by his companions at 10:30 or 11:00 P.M. on July 1, and spent the next few hours driving continuously with a gun in the car. Moreover, Sergeant Stebbins testified that, in his confession, defendant described a statement by one of his companions about wanting to "stick up somebody." We find no grounds for reversal in the statement.

With respect to the objections raised for the first time on appeal, we note that review is precluded unless the prejudicial effect of the prosecutor's statements was so great that even a cautionary instruction would not have overcome it and failure to review would result in a miscarriage of justice. *People v Hedelsky,* 162 Mich App 382, 384; 412 NW2d 746 (1987).

We find no prejudicial effect in the prosecutor's argument that defendant's testimony was "shock-

ing" and "ridiculous."[1] While the prosecutor may not vouch for defendant's guilt by using the prestige of his office, a colorful argument that defendant's testimony is not credible is proper when based on the evidence. *People v Rosengren,* 159 Mich App 492, 504; 407 NW2d 391 (1987); *People v Evans,* 128 Mich App 311, 315; 340 NW2d 291 (1983). Here, the prosecutor's remarks were based on the evidence and there is no indication that he used the weight of his office to vouch for defendant's guilt.

The prosecutor's characterization of the crime in this case as "bad news" and his references to the possibility of serious injury arising from the crime do not suggest that the jury had a civic duty to convict.[2] Even if these remarks had been improper, they were not so inflammatory that a curative instruction would not have prevented prejudice to defendant. The prosecutor's comment that "I don't think the complainant slept any that night" was an improper appeal to the jurors' sympathies.[3]

---

[1] The prosecutor stated:

> [L]ook at some of the things that he said, like the police didn't ask him anything. He said that under oath. Really. You have got from the facts that they have the woman who gets robbed. They have four guys under arrest. Two of them are juveniles. They have got the purse. They have got two guns, and the police don't ask them anything? That is shocking. They don't come in, sign a blank piece of paper and then let him go. If we saw a movie like that, we would think the script writer was smoking pot or doing something. It is so ridiculous. You wouldn't even make a movie like that.

[2] The prosecutor stated:

> [W]hen you heard that woman tell you that the first thing they said, you are coming with me, and she turns around and there are two guys with guns, ladies and gentlemen, that is bad news. If she went with them, she could have been murdered or worse.

However, this error does not require reversal because a timely requested curative instruction would have averted prejudice. See *People v Hedelsky, supra,* 162 Mich App 385-386; *People v Harris,* 133 Mich App 646, 654; 350 NW2d 305 (1984).

V

### THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN EXCUSING A JUROR

Following closing arguments, but prior to the charge to the jury, the court excused a juror who had plans to be in New York on the day deliberations were to begin. Defense counsel objected to the court's action. Defendant now contends that the juror was excused in a manner other than that set forth in MCR 6.102 and that the verdict might have been different had the juror remained on the panel.

MCR 6.102 provides the method by which alternate jurors are to be dismissed after instructions have been given and the case submitted. We do not find this court rule applicable in the instant case, because the charge to the jury had not yet been given. Instead, the trial court's actions are governed by MCL 768.18; MSA 28.1041, which provides:

> Should any condition arise during the trial of the cause which in the opinion of the trial court justifies the excusal of any of the jurors so impaneled from further service, he may do so and the trial shall proceed, unless the number of jurors be reduced to less than 12.

---

[3] The prosecutor stated:

Defendant said that he was scared when he gets in the cell and that he couldn't sleep and so forth. I don't think the complainant slept any that night either. Nobody pointed a gun at him. She was the one that should have been scared.

Excusal of a juror is justified when "the interests of the public or of the individual juror will be materially injured by his attendance." MCL 600.1335; MSA 27A.1335. We will reverse the trial court's decision to excuse a juror only upon a finding of a clear abuse of discretion, *People v Mason,* 96 Mich App 47, 50; 292 NW2d 480 (1980), and where the defendant can show prejudice, *People v Clyburn,* 55 Mich App 454, 457; 222 NW2d 775 (1974).

Here, we find no abuse of discretion in the trial court's decision to excuse the juror. We note that the jury was informed that the trial would take "a couple of days," and that it took place on the Monday and Wednesday preceding Thanksgiving Day. Deliberations were to begin on the Friday following Thanksgiving. The court could well have decided that the juror would not be impartial if required to cancel his travel plans in order to remain on the jury. See *People v Clyburn, supra* (no error to excuse a juror through an abundance of caution to secure an impartial jury). In any case, defendant has shown no prejudice arising from the court's action. As he states in his brief on appeal, "[o]ne can only speculate on the jury verdict had this juror not been . . . excused."

VI

DEFENDANT RECEIVED A FAIR TRIAL

Defendant argues that he was denied a fair trial based upon the cumulative effect of the foregoing asserted errors, citing *People v McCoy,* 392 Mich 231, 240; 220 NW2d 456 (1974). In the discussion, *supra,* we have concluded that two errors were committed, namely, the trial court's failure to determine the voluntariness of defendant's state-

ments to the police and the prosecutor's appeal to the sympathy of the jury in closing argument. We have remanded the case to the trial court for a resolution of the voluntariness issue and determined that the prosecutor's improper argument did not warrant reversal. Defendant was entitled to a fair trial, not a perfect one; there is no accumulation of error which denied defendant a fair trial in this case. *People v Hedelsky, supra,* 162 Mich App 386.

## VII

### DEFENDANT WAS SENTENCED FOR THE CORRECT OFFENSE

Defendant claims that the trial court independently found him guilty of armed robbery, despite the jury's verdict, and sentenced him on this basis. In support of his claim, defendant cites the following statements by the sentencing judge:

> This was a jury trial conviction. You were originally charged with Robbery Armed. I don't know how the jury came back with a Robbery Unarmed conviction, but that's what you stand convicted of, and I will take that into consideration.
>
> * * *
>
> There were firearms used. The jury indicated that there were not, and you were found not guilty of Robbery Armed, but I am convinced that firearms were used by other people, and that creates a situation where one false move and it could have been more serious.

A sentencing judge may not make an independent finding of guilt on a charge other than the one for which a defendant was convicted and assert that as a basis for the sentence imposed.

*People v Glover,* 154 Mich App 22, 45; 397 NW2d 199 (1986). Despite the judge's comments regarding armed robbery in the instant case, we find that defendant was in fact sentenced for unarmed robbery, the crime of which he was convicted. The judge cited the minimum and maximum sentence range for unarmed robbery and pronounced sentence within that range. Resentencing is, therefore, not required.

Remanded for proceedings consistent with this opinion. Jurisdiction is not retained.