PEOPLE v NEAL

Docket No. 113438. Submitted December 19, 1989, at Detroit. Decided
February 20, 1990.

Michael R. Neal was convicted of four counts of first-degree
murder and one count of possessing a firearm during the
commission of a felony following a jury trial in Detroit Record-
er's Court, Michael J. Talbot, J. Defendant was sentenced to
life imprisonment for the murder convictions and to two years
for the felony-firearm conviction. Defendant appealed, arguing
that the trial court erred in refusing to decide whether incrimi-
nating statements made by defendant to the police were volun-
tarily made, ruling such a determination was for the jury to
make, and in refusing to hear argument on defendant's motion
for a directed verdict at the close of the prosecution's case.

The Court of Appeals *held:*

1. The issue whether a defendant made an incriminating
statement at all and a determination as to the voluntariness
with which an incriminating statement was signed are two
separate matters. The question whether the defendant ever
made a statement is a question of fact to be answered by the
trier of fact, but where the defendant claims that he involun-
tarily signed a statement fabricated by the police, the trial
court must hold a hearing prior to introduction of the state-
ment at trial. At the hearing, the trial court must determine,
assuming the statement was made by the defendant, whether it
was made voluntarily. If it is found that the statement was
voluntarily made, the defendant is free to argue to the jury
that the police fabricated it. However, if the trial court finds
that the statement was not voluntarily made, the statement is
inadmissible, regardless of the defendant's claim that he never
actually made it. The trial court in this case refused to allow
evidence of the voluntariness issue to be presented, and there is
no way of determining on appeal the merits of defendant's
voluntariness claim. Although remand for a hearing would

REFERENCES

Am Jur 2d, Evidence §§ 582, 584, 587, 590.
See the Index to Annotations under Confessions and Admissions;
Direction of Verdict.

ordinarily be ordered under the circumstances, it is unnecessary in this case since the proof of defendant's guilt was so overwhelming, excluding the possibly tainted evidence, that all reasonable jurors would find guilt beyond a reasonable doubt. Thus, the court's error in refusing to decide the issue of voluntariness is harmless.

2. The trial court did not err in refusing to hear argument on defendant's motion for a directed verdict at the close of the prosecution's case. There was sufficient evidence to go to the jury and the court was obligated to deny the motion.

Affirmed.

1. CRIMINAL LAW — CONFESSIONS — VOLUNTARINESS.

The issue whether an incriminating statement has been made at all and a determination as to the voluntariness with which such a statement was made are two separate matters; the question whether the defendant ever made the statement is a question of fact to be answered by the trier of fact, but where the defendant claims that he involuntarily signed a statement made by the police, the trial court must hold a hearing prior to introduction of the statement at trial; at the hearing, the court must determine whether the statement was voluntarily made by the defendant, in which case the defendant is free to argue to the jury that the police fabricated the statement, or involuntarily made by the defendant, in which case the statement is inadmissible, regardless of the defendant's claim that he never actually made it.

2. CRIMINAL LAW — EVIDENCE — HARMLESS ERROR.

The harmless error test considers (1) whether the error is so offensive to the maintenance of a sound judicial system that it never can be regarded as harmless and (2) whether the error was harmless beyond a reasonable doubt so that not even one juror would have voted to acquit the defendant but for the error; an error may be intolerably offensive to the maintenance of a sound judicial system if it was deliberately injected into the proceedings by the prosecution, if it deprived the defendant of a fundamental element of the adversary process, or if it is of a particularly inflammatory or persuasive kind.

3. CRIMINAL LAW — DIRECTED VERDICT — MOTIONS AND ORDERS.

There was no error in a trial court's refusal to hear argument on a criminal defendant's motion for a directed verdict at the close of the prosecution's case where there was sufficient evidence to go to the jury; under such circumstances, the court is obligated to deny the motion, and so long as the defendant is not denied

the opportunity of making a closing argument, the failure to allow argument on the motion does not constitute a finding of guilt.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training and Appeals, and *Lori Dawson,* Assistant Prosecuting Attorney, for the people.

*Charles Burke,* for defendant on appeal.

Before: DOCTOROFF, P.J., and SHEPHERD and MC-DONALD, JJ.

SHEPHERD, J. After a trial by jury defendant was convicted of four counts of first-degree murder, MCL 750.316; MSA 28.548, and one count of possessing a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to life imprisonment for the murder convictions and to two years for the felony-firearm conviction. Defendant appeals as of right. We affirm.

Defendant's convictions arise out of the shooting deaths of his child, his two stepchildren and his mother-in-law. The bodies were found in defendant's home on July 4, 1988. On that same day defendant went to the Detroit River apparently with the intent of taking his own life. Defendant spoke to a parking lot attendant telling him that he had killed his kids and he was going to drown himself. The parking lot attendant immediately called the police. Detroit police officer Paul Arreola arrived at the scene and asked defendant what he was doing there. Defendant responded that he wanted to kill himself and that he had just killed his family. Defendant jumped into the river and was pulled out, unharmed, by officer Arreola.

Defendant then told Arreola that he had found the dead bodies of his family members several hours earlier.

Detroit police officer Benito Mendoza testified that after defendant was pulled from the water he was informed of his constitutional rights. Defendant then told him that he had killed his three children and mother-in-law.

Defendant was then taken to the police station where he allegedly made an incriminating statement to Sergeant William Rice. The statement was signed by defendant. Prior to trial defendant moved to have the statement suppressed as having been involuntarily given. At a hearing on the matter defendant testified that he did not make the statements. Defendant admitted signing the statement but maintained he was not advised of his constitutional rights or provided with a lawyer when he requested one.

The trial judge refused to decide the voluntariness issue because defendant had claimed that he did not make the statement and therefore it was a question of fact for the jury to decide.

It is our opinion that the trial court erred in refusing to decide the issue of voluntariness. We agree with the trial court that the issue whether a statement has been made at all and a determination as to the voluntariness with which a statement was signed are two separate matters. *People v Spivey,* 109 Mich App 36, 37; 310 NW2d 807 (1981). The question whether defendant ever made the statement is a question of fact to be answered by the trier of fact. *Spivey, supra.*

In *People v Weatherspoon,* 171 Mich App 549; 431 NW2d 75 (1988), a panel of this Court held that the trial court properly refused to determine the voluntariness issue because the defendant denied making the statement. The defendant in

*Weatherspoon* denied making the statement and asserted that he signed it only after being beaten and having his life threatened by police. The statement was admitted at trial and the defendant was convicted. This Court held that, because the jury's verdict implied that the jury found defendant had made the statement, it was necessary to remand to the trial court to make a determination of whether the defendant voluntarily made the statement. If the statement was found to have been made involuntarily, reversal of the conviction and retrial would be necessary. *Weatherspoon, supra,* p 555.

We believe that the decision in *Weatherspoon,* sanctioning a pretrial denial of a *Walker*[1] hearing and providing for a *Walker* hearing after a guilty verdict has been rendered, is impractical and leads to a waste of judicial resources.

Instead, we believe that where, as in this case and *Weatherspoon,* a defendant claims that he involuntarily signed a statement and that the statement was fabricated by police, the trial court must hold a *Walker* hearing prior to introduction of the statement at trial. At the hearing the trial court must determine, assuming the defendant made the statement, whether he did so voluntarily. If it is found that the defendant voluntarily made the statement, the defendant is free to argue to the jury that the police fabricated it. However, if the trial court at the hearing finds the statement was involuntarily made, the statement is inadmissible, regardless of the defendant's claim that he never actually made it.

In this case the trial judge refused to allow evidence of the voluntariness issue to be presented. Even the prosecutor requested that Sergeant Rice

---

[1] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

be allowed to testify as to the circumstances surrounding defendant's statement. Thus on appeal we have no way of determining the merits of defendant's voluntariness claim. Ordinarily, we would remand such a case for a *Walker* hearing. However, we find it unnecessary to do so in this case. We find that the admission of defendant's statement to Sergeant Rice was harmless error.

> The harmless error test considers: (1) whether the error is so offensive to the maintenance of a sound judicial system that it never can be regarded as harmless; and (2) whether the error was harmless beyond a reasonable doubt so that not even one juror would have voted to acquit the defendant but for the error. *People v Robinson,* 386 Mich 551, 563; 194 NW2d 709 (1972). . . .
>
> * * *
>
> An error may be intolerably offensive to the maintenance of a sound judicial system if it was deliberately injected into the proceedings by the prosecution, if it deprived the defendant of a fundamental element of the adversary process or if it is of a particularly inflammatory or persuasive kind. *People v Gallon,* 121 Mich App 183, 188-189; 328 NW2d 615 (1982). [*People v Furman,* 158 Mich App 302, 317-318; 404 NW2d 246 (1987), lv den 429 Mich 851 (1987).]

We find that the introduction of defendant's statement did not constitute such an affront to the integrity of the trial process that reversal is required. See *People v Swan,* 56 Mich App 22, 32; 223 NW2d 346 (1974), lv den 395 Mich 810 (1975) (where the Court found comments made about defendant's exercise of his right to remain silent at the time of arrest to have been harmless error).

We further find that proof of defendant's guilt was so overwhelming, excluding the possibly tainted evidence, that all reasonable jurors would

find guilt beyond a reasonable doubt. Defendant had made three other statements admitting to the murders. All three statements were properly admitted into evidence. Thus even if defendant's statement to Rice was involuntarily made, its admission at trial was harmless error and we decline to remand for a *Walker* hearing.

Defendant next asserts that the trial court erred in refusing to hear argument on defendant's motion for a directed verdict at the close of the prosecution's case. We find no error was committed since there was sufficient evidence to go to the jury and the court was obligated to deny the motion. We note that defendant was not denied the opportunity of making a closing argument. *People v Thomas,* 390 Mich 93; 210 NW2d 776 (1973). Thus, the failure to allow argument on the motion did not constitute a finding of guilt. *Thomas, supra.*

Defendant's convictions are affirmed.