# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
December 3, 2015

Plaintiff-Appellee,

v

No. 323012
Oakland Circuit Court
LC No. 2014-249796-FH

CASIMIR ALEXANDER MAGIC,

Defendant-Appellant.

Before: SERVITTO, P.J., and WILDER and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of larceny in a building, MCL 750.360. The trial court sentenced him as an habitual offender, fourth offense, MCL 769.12, to 40 months to 15 years' imprisonment. We affirm.

Defendant was convicted of taking property from Keith Bint's house in July and August 2013. The prosecutor presented evidence that Bint, who worked lengthy shifts, allowed defendant to stay in his home with him and his father. After Bint's father moved out, Bint began noticing that several items from his home were missing. When Bint confronted defendant about one of the missing items, defendant unexpectedly left the house the next day, leaving behind his clothing and other personal belongings, and never returned. The police discovered that several of Bint's missing items had been pawned by defendant's friend, Robert Schaefer. Defendant confessed to the police that he had taken the items and had Schaefer pawn them. The defense challenged the legitimacy of defendant's confession, which was not recorded, or written or signed by defendant, and argued that it was Schaefer, not defendant, who stole Bint's property.

## I. FLIGHT INSTRUCTION

Defendant first argues that the trial court erred in instructing the jury on flight because there was no evidence to support that instruction. We disagree. We review a trial court's determination whether an instruction was applicable to the facts of the case for an abuse of discretion. *People v Gillis*, 474 Mich 105, 113; 712 NW2d 419 (2006).

"It is well established in Michigan law that evidence of flight is admissible." *People v Coleman*, 210 Mich App 1, 4; 532 NW2d 885 (1995). "Such evidence is probative because it may indicate consciousness of guilt, although evidence of flight by itself is insufficient to sustain a conviction." *Id.* The term "flight" has been applied to such actions as fleeing the scene of the

-1-

crime, leaving the jurisdiction, resisting arrest, attempting to escape custody, and running from the police. *Id.* "[I]t is always for the jury to determine whether evidence of flight occurred under such circumstances as to indicate guilt." *People v Unger*, 278 Mich App 210, 226; 749 NW2d 272 (2008).

Bint testified that, after discovering that his floor jack was missing, he confronted defendant about the missing item. Afterward, defendant left the house and never returned, leaving behind his clothing and "everything that he had there besides some small hygiene stuff." Defendant's mother also tried to call defendant to confront him about the missing items, but he would not answer his phone. She too testified that defendant "just left one day and never came back. He left his belongings and everything, he just left."

Defendant's actions of unexpectedly leaving the residence after being confronted about the theft, while leaving behind his belongings, not responding to phone calls, and never returning to the house, could properly be considered evidence of "flight," because they supported an inference that he was attempting to avoid detection by staying away from the house. In addition, defendant confessed to the crime, and there was other strong circumstantial evidence that supported defendant's culpability in the offense. Thus, this was not a situation where the evidence of flight was the sole evidence of defendant's guilt. Accordingly, the trial court did not abuse its discretion in instructing the jury on flight.

## II. MOTION TO SUPPRESS CONFESSION

Defendant next argues that the trial court erred in denying his motion to suppress his confession. Defendant argues that his confession should have been suppressed because the interviewing officer only verbally advised him of his *Miranda*[1] rights, and the officer's advice was inadequate. We disagree.

We review de novo a trial court's ultimate decision regarding a motion to suppress, but review the court's factual findings for clear error. *People v Williams*, 240 Mich App 316, 319; 614 NW2d 647 (2000). Deference is given to the trial court's assessment of the weight of the evidence and the credibility of the witnesses. *People v Sexton (After Remand)*, 461 Mich 746, 752; 609 NW2d 822 (2000). A finding is clearly erroneous if it leaves the reviewing court with a definite and firm conviction that a mistake has been made. *People v Givans*, 227 Mich App 113, 119; 575 NW2d 84 (1997).

Both the Michigan Constitution and the United States Constitution guarantee the right against self-incrimination. US Const, Am V; Const 1963, art 1, § 17; *People v Cortez (On Remand)*, 299 Mich App 679, 691; 832 NW2d 1 (2013). Statements of an accused made during custodial interrogation are inadmissible unless the accused voluntarily, knowingly and intelligently waived his Fifth Amendment rights. *Miranda v Arizona*, 384 US 436, 444; 86 S Ct 1602; 16 L Ed 2d 694 (1966). In *Miranda*, the Supreme Court held that a suspect

---

[1] *Miranda v Arizona*, 384 US 436, 444; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

must be warned prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires. [*Miranda*, 384 US at 479.]

No precise formulation exists for conveying the *Miranda* warnings. *Florida v Powell*, 559 US 50, 60; 130 S Ct 1195; 175 L Ed 2d 1009 (2010). The language used to inform the defendant of these rights is adequate if it reasonably conveys the essential information. *Id.* Consequently, a reviewing court is simply required to determine whether the warnings reasonably convey to a suspect his or her rights as required by *Miranda*. *Id.* See also *California v Prysock*, 453 US 355, 359; 101 S Ct 2806; 69 L Ed 2d 696 (1981), and *Rhode Island v Innis*, 446 US 291, 297; 100 S Ct 1682; 64 L Ed 2d 297 (1980). "If the custodial interrogation is not preceded by an adequate warning, statements made during the custodial interrogation may not be introduced into evidence at the accused's criminal trial." *People v Elliott*, 494 Mich 292, 301; 833 NW2d 284 (2013).

The interviewing officer, Officer Brad Connell, testified that he used the following language to convey defendant's rights[2]:

> I advised him that he had the right to remain silent, anything he says could and will be used in a court of law. That he had a right to consult with counsel prior to any questioning. And also had the right to have counsel present while he was being questioned. I advised him that if he couldn't afford to hire an attorney one would be appointed to him before any questioning if he wished.

> I advised him that he had the right at any time during the course of my questioning to exercise his right to remain silent and/or the right to have counsel present with him during the questioning. And then asked him if he understood those rights. He stated he did. And then agreed to speak with me about the case.

The *Miranda* warnings were sufficient because, at the outset, Officer Connell unequivocally informed defendant that he had the right to remain silent, that any statements made could be used in a court of law, that he had the right to consult with an attorney and to the presence of an attorney, that if he could not afford an attorney one would be appointed, and that he could ask for an attorney and invoke his right to remain silent at any time. Although defendant argues that these warnings were insufficient because the officer did not pause to have defendant waive each right individually, defendant has not provided any legal support for his contention that *Miranda* requires a pause between each right, or that each right must be separately waived. Defendant also fails to provide any evidentiary support for his claim that the officer did not pause. Defendant did not testify at the hearing and the officer was not asked whether he paused between each right. Defendant also complains that the officer did not include

---

[2] Defendant does not challenge the trial court's finding that the officer was credible, but contends that the language, as conveyed, was inadequate.

the emphasized phrases that an attorney would be offered "*at public expense*," and that his statements could be used "*against him*" in court. Those omissions did not alter the character of the warnings given or lessen the thrust of the essential information conveyed in them. Because the *Miranda* warnings given reasonably conveyed to defendant his rights, the trial court did not err in denying his motion to suppress.

## III. PROSECUTOR'S CONDUCT

Defendant argues that the prosecutor impermissibly vouched for the credibility of Officer Connell's testimony that defendant confessed to the crime, in closing argument. Again, we disagree. Because defendant did not object to the prosecutor's remarks, this issue is unpreserved. We review unpreserved claims of prosecutorial misconduct for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). We will not reverse if the alleged prejudicial effect of the prosecutor's conduct could have been cured by a timely instruction. *People v Watson*, 245 Mich App 572, 586; 629 NW2d 411 (2001).

A prosecutor may not vouch for the credibility of a witness by conveying that he has some special knowledge that the witness is testifying truthfully. *People v Knapp*, 244 Mich App 361, 382; 624 NW2d 227 (2001). However, prosecutors have great latitude when arguing at trial. *People v Fyda*, 288 Mich App 446, 461; 793 NW2d 712 (2010). They may argue the evidence and all reasonable inferences that arise from the evidence as they relate to their theory of the case, and they need not state their inferences in the blandest possible language. *People v Bahoda*, 448 Mich 261, 282; 531 NW2d 659 (1995); *People v Dobek*, 274 Mich App 58, 66; 732 NW2d 546 (2007). Further, an otherwise improper remark might not warrant reversal if the prosecutor is responding to the defense counsel's argument. *Id.* at 64.

The prosecutor's remarks that defendant's highlights in his brief were part of a permissible argument regarding credibility and were responsive to the defense implication and assertions during trial that Officer Connell's testimony that defendant confessed to the crime was not credible. For example, during cross-examination of the officer, defense counsel challenged his ability to independently recall defendant's appearance and what transpired on the interview date nine months previously, questioned his failure to use his police department's statement form with the *Miranda* rights when interviewing defendant, and elicited that he had no writing, recording, or "any other source from anywhere" to confirm that defendant actually confessed to him.[3] While making the challenged remarks, the prosecutor informed the jury that the trial court was going "to give you an instruction about ways to evaluate a witness' credibility," and highlighted what the trial court would tell them to consider, e.g., "does the witness have any special reason to tell the truth or any special reason to lie?" The prosecutor urged the jury to

---

[3] In closing argument, defense counsel argued that Officer Connell's testimony was not credible. For example, he referred to Officer Connell as "some police officer," and suggested that the officer "embellished" and "padded" his police report and testimony, and "added a few things that weren't there."

evaluate the evidence when considering the trial court's instructions, discussed the reliability of Officer's Connell's testimony, and argued that there were reasons from the evidence to conclude that defendant was guilty of the charged crime. The prosecutor did not refer to any special knowledge, beyond the evidence presented at trial, to indicate that he knew Officer Connell was truthful. The prosecutor's argument was responsive to the evidence and the theories presented at trial and, when viewed in context, it was not clearly improper.

Moreover, a timely objection to the challenged remarks could have cured any perceived prejudice by obtaining an appropriate cautionary instruction. See *Watson*, 245 Mich App at 586. And even though defendant did not object, the trial court instructed the jury that the lawyers' statements and arguments are not evidence, that the jury was to decide the case based only on the properly admitted evidence, that the testimony from witnesses who are police officers must be judged by the same standards used to evaluate any other witness, and that the jury was to follow the court's instructions. These instructions were sufficient to dispel any perceived prejudice and to protect defendant's substantial rights. *People v Long*, 246 Mich App 582, 588; 633 NW2d 843 (2001).[4]

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that he received constitutionally ineffective assistance of counsel at trial, and therefore, is entitled to a new trial. Because defendant failed to raise this claim in the trial court in connection with a motion for a new trial or request for an evidentiary hearing, our review is limited to mistakes apparent from the record. *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973); *People v Sabin (On Second Remand)*, 242 Mich App 656, 658-659; 620 NW2d 19 (2000). To establish ineffective assistance of counsel, defendant first must show that counsel's performance was below an objective standard of reasonableness. In doing so, defendant must overcome the strong presumption that counsel's assistance was sound trial strategy. Second, defendant must show that but for counsel's deficient performance, it is reasonably probable that the result of the proceeding would have been different. *People v Armstrong*, 490 Mich 281, 289-290; 806 NW2d 676 (2011). Effective assistance of counsel is presumed and defendant bears a heavy burden of proving otherwise. *People v Pickens*, 446 Mich 298, 302-303; 521 NW2d 797 (1994); *People v Effinger*, 212 Mich App 67, 69; 536 NW2d 809 (1995). "Reviewing courts are not only required to give counsel the benefit of the doubt with this presumption, they are required to 'affirmatively entertain the range of possible' reasons

---

[4] Within this issue, defendant states that the prosecutor also improperly argued facts not in evidence and denigrated defense counsel. Although defendant cites case law proscribing this conduct, he fails to provide any citation to the record in support of these claims of misconduct, and the alleged misconduct is not apparent from the record. As the appellant, defendant is required to do more than merely announce his position and leave it to this Court to discover and rationalize the basis for his claim. *Goolsby v Detroit*, 419 Mich 651, 655 n 1; 358 NW2d 856 (1984). "The failure to brief the merits of an allegation of error constitutes an abandonment of the issue." *People v McPherson*, 263 Mich App 124, 136; 687 NW2d 370 (2004). Consequently, these additional claims of misconduct are abandoned. *Id.*

that counsel may have had for proceeding as he or she did." *People v Gioglio (On Remand)*, 296 Mich App 12, 22; 815 NW2d 589 (2012), vacated in part on other grounds 493 Mich 864 (2012). "[A] reviewing court must conclude that the act or omission of the defendant's trial counsel fell within the range of reasonable professional conduct if, after affirmatively entertaining the range of possible reasons for the act or omission under the facts known to the reviewing court, there might have been a legitimate strategic reason for the act or omission." *Id.* at 22-23.

## A. FAILURE TO MAKE A TIMELY MOTION FOR A *WALKER* HEARING

As defendant notes, counsel did not move to suppress defendant's statement until the morning of the first day of trial. Defendant has failed, however, to demonstrate that he was prejudiced by counsel's inaction. Despite the untimeliness of the motion, the trial court treated the motion as if it were timely. The trial court allowed arguments, held an evidentiary hearing, heard testimony from the interviewing officer, and allowed additional arguments before issuing a detailed ruling. Furthermore, as discussed in section II, *supra*, the trial court did not err in denying defendant's motion. Defendant fails to sufficiently argue how the result would have been different had counsel moved to suppress the confession earlier. Consequently, defendant has failed to establish that there is a reasonable probability that the outcome of the proceeding would have been different but for defense counsel's failure to timely move to suppress the confession. *Armstrong*, 490 Mich at 289-290.

## B. FAILURE TO PREPARE FOR TRIAL AND PRESENT A PROPER DEFENSE

Defendant makes several claims that defense counsel was unprepared to try the case. "A defendant is entitled to have his counsel prepare, investigate, and present all substantial defenses." *People v Kelly*, 186 Mich App 524, 526; 465 NW2d 569 (1990). When claiming ineffective assistance due to defense counsel's unpreparedness, a defendant must show prejudice resulting from the lack of preparation. *People v Caballero*, 184 Mich App 636, 640, 642; 459 NW2d 80 (1990). Defendant attempts to establish the factual predicate for his claims with his own affidavit. It is, however, "impermissible to expand the record on appeal." *People v Powell*, 235 Mich App 557, 561 n 4; 599 NW2d 499 (1999). But even considering his affidavit, defendant's ineffective assistance claims fail.

First, contrary to what defendant asserts as a basis for many of his claims, defense counsel was not ineffective for failing to act in accordance with defendant's instructions or consult with him about what evidence to present at trial. Decisions about defense strategy, including what arguments to make, what evidence to present, whether to call witnesses, and how to impeach witnesses are matters of trial strategy, *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999), and "this Court will not second-guess defense counsel's judgment on matters of trial strategy." *People v Benton*, 294 Mich App 191, 203; 817 NW2d 599 (2011). Defense counsel has wide discretion regarding matters of trial strategy. *People v Heft*, 299 Mich App 69, 83; 829 NW2d 266 (2012). As hereafter discussed, defendant has not identified any omission that prejudiced his case.

The record does not support defendant's assertion that defense counsel was unprepared to try the case. First, defendant has not provided factual support for his claim that defense counsel visited him for, at most, two hours before trial and was therefore unprepared. Even accepting

defendant's claim as true, he has not established that a two-hour meeting was insufficient given the facts of this case. Defense counsel's questions, remarks, and arguments throughout trial demonstrate that he was familiar with the case and prepared for trial. Defendant has failed to indicate what additional questions defense counsel should have asked on cross-examination that would have made a difference in further impeaching Bint and Officer Connell. Therefore, he has not demonstrated that he was prejudiced by counsel's alleged unpreparedness in that regard. *Caballero*, 184 Mich App at 642. Defendant argues that defense counsel failed to challenge the claim that he needed Schaefer's identification to pawn items by arguing that he had proper identification. However, during the cross-examination of Officer Connell, counsel presented defendant's State of Michigan identification card and had the officer acknowledge it. Further, defendant has neither established, nor explained, how the mere fact that counsel suggested that he take a plea deal constituted ineffective assistance. Defendant did not enter a plea, and was convicted at trial.

Defendant asserts that he informed defense counsel about "5 or 6 defense witnesses," none of whom were called at trial. As noted, defense counsel's decisions regarding whether to call witnesses are presumed to be matters of trial strategy, *Rockey*, 237 Mich App at 76, and the failure to present a witness can constitute ineffective assistance only where it deprives the defendant of a substantial defense. *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009). Although defendant asserts that the witnesses would have testified that the house was "never locked," he does not identify those witnesses in his brief or affidavit, and has not provided witness affidavits, or identified any other evidence of record establishing that these unnamed witnesses actually would have testified at trial and provided favorable testimony. Absent such a showing, defendant cannot establish that he was prejudiced by defense counsel's failure to call the proposed witnesses at trial.

The record belies defendant's argument that defense counsel's unpreparedness is evident from his failure to offer a "proper defense." The record demonstrates that defense counsel vigorously and clearly argued reasons why the jury should conclude that Schaefer, and not defendant, committed the thefts, and why Officer Connell's testimony that defendant confessed to the crime should not be believed. Defendant fails to indicate what additional *rational* argument defense counsel should have made. To the extent that defendant relies on the fact that defense counsel's argument was not successful, nothing in the record suggests that defense counsel's presentation of the defense was unreasonable or prejudicial. Again, counsel's decisions about how to argue the evidence are matters of trial strategy, *Rockey*, 237 Mich App 74, which this Court will not second-guess. *Benton*, 294 Mich App at 203. "The fact that defense counsel's strategy may not have worked does not constitute ineffective assistance of counsel." *People v Stewart (On Remand)*, 219 Mich App 38, 42; 555 NW2d 715 (1996).

C. FAILURE TO CALL DEFENDANT AS A WITNESS AT THE *WALKER* HEARING

At the *Walker* hearing, the defense challenged the sufficiency of the *Miranda* warnings to argue that defendant's statement was not admissible. According to defendant's affidavit, had he been called as a witness, he would not have testified that Officer Connell did not adequately advise him of his *Miranda* rights, that he did not voluntarily waive those rights, or that his statement was involuntary. Rather, he avers that Officer Connell "attributed to me what was actually information given to him by the victim" and "made no effort to get a confession from

me." "The question whether [the] defendant ever made the statement is a question of fact to be answered by the trier of fact." *People v Neal*, 182 Mich App 368, 371; 451 NW2d 639 (1990). The question at a *Walker* hearing is whether the defendant made the statement voluntarily. *Id.* at 371-372. Therefore, defendant fails to indicate that he would have offered any testimony at the *Walker* hearing that would have been valuable and relevant to the trial court's decision on his motion to suppress. Consequently, defendant has not established that he was prejudiced by defense counsel's failure to call him as a witness.

## D. FAILURE TO ADVISE DEFENDANT TO TESTIFY AT TRIAL

A criminal defendant has a fundamental constitutional right to testify at trial. US Const, Am XIV; Const 1963, art 1, §§ 17, 20. The decision to testify or not to testify is a strategic one "best left to an accused and his counsel." *People v Martin*, 150 Mich App 630, 640; 389 NW2d 713 (1986). "Although counsel must advise a defendant of this right, the ultimate decision whether to testify at trial remains with the defendant." *People v Bonilla–Machado*, 489 Mich 412, 419; 803 NW2d 217 (2011). "If the accused expresses a wish to testify at trial, the trial court must grant the request, even over counsel's objections." *People v Simmons*, 140 Mich App 681, 685; 364 NW2d 783 (1985). "[I]f defendant . . . decides not to testify or acquiesces in his attorney's decision that he not testify, the right will be deemed waived." *Id.* (citation and quotations omitted).

There is no basis to conclude that counsel's performance deprived defendant of his constitutional right to testify. There is no indication in the record that defendant expressed a desire to testify to counsel. After the prosecution rested, defense counsel stated on the record that he and defendant had discussed whether defendant was going to testify; defendant answered affirmatively when counsel asked if they had talked. Defendant stated that he understood that he had an absolute right to testify or not testify, and that he elected not to testify. In response to defense counsel's questions, defendant acknowledged that "[i]t's completely [his] decision" and that he was "making that decision freely and voluntarily and understandingly." The record does not disclose what advice defense counsel may have given regarding whether defendant should testify, but defendant does not claim that he was ignorant of his right to testify, or that defense counsel coerced him into not testifying. The decision whether to call defendant as a witness was a matter of trial strategy and defendant has not identified or offered any evidence to overcome the strong presumption of sound strategy. *Rockey*, 237 Mich App at 76.

## E. FAILURE TO REQUEST A JURY INSTRUCTION

Defendant argues that counsel was ineffective for failing to request a jury instruction regarding Officer Connell's failure to record defendant's confession. Pursuant to MCL 763.8(2), law enforcement officers must now record custodial interrogations in "major felony" cases. When law enforcement officials fail to comply with MCL 763.8, "the jury shall be instructed that it is the law of this state to record statements of an individual in custodial detention who is under interrogation for a *major felony* and that the jury may consider the absence of a recording in evaluating the evidence relating to the individual's statement." MCL 763.9 (emphasis added).

Defendant fails to demonstrate that defense counsel was ineffective for failing to request an instruction pursuant to MCL 763.9. The statutory recording mandate is required only in

"major felony" cases. MCL 763.7(d) defines a major felony as "a felony punishable by imprisonment for life, for life or any term of years, or for a statutory maximum of 20 years or more, or a violation of . . . MCL 750.520d." Larceny in a building is a felony punishable by imprisonment for not more than four years. MCL 750.360; MCL 750.503. Because defendant's case did not involve a "major felony," MCL 763.9 did not apply. "Failing to advance a meritless argument . . . does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).[5]

## V. CUMULATIVE EFFECT OF ERRORS

We reject defendant's argument that the cumulative effect of several minor errors denied him a fair trial. Because multiple errors have not been found, there can be no cumulative effect that denied him a fair trial. *People v Mayhew*, 236 Mich App 112, 128; 600 NW2d 370 (1999).

## VI. SUFFICIENCY OF THE EVIDENCE

We also reject defendant's argument that his conviction must be vacated because, without his confession, the prosecution did not present sufficient evidence to establish his identity as the perpetrator. Because we concluded in section II, *supra*, that the trial court did not err in denying defendant's motion to suppress his statement, defendant cannot establish the factual predicate for this claim. Moreover, even without the confession, there was sufficient circumstantial evidence of defendant's guilt, and circumstantial evidence and reasonable inferences arising from that evidence may be sufficient to support a conviction of a crime. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000); *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000). Apart from defendant's confession, the prosecution presented evidence that only Bint, his parents, and defendant had a key to the house. After defendant's father moved out, defendant was alone in the house while Bint worked 14- to 16-hour shifts. It was after Bint's father moved out that items began disappearing from the house. There were no signs of forced entry. This evidence permitted the jury to infer that the missing items were taken by someone who had access to the house, and that the items were taken during times when defendant would have been the only person at the house. The day after Bint confronted defendant about a missing floor jack, defendant unexpectedly left the house and did not return, leaving behind his clothing and other possessions. As previously indicated, this evidence supported an inference of defendant's consciousness of guilt. Further, items that were stolen from Bint's house were later discovered at a pawn shop, and it was discovered that they had been sold by Schaefer, who was defendant's friend. Defendant's relationship with Schaefer allowed the jury to find that there was a link

---

[5] Defendant makes additional cursory complaints about what defense counsel failed to do, without providing any proper analysis. For example, defendant complains that defense counsel "allowed hearsay to be admitted" and that "no pretrial motions were filed," but does not identify the alleged hearsay testimony and does not indicate what pretrial motions should have been filed. As previously noted, defendant is required to do more than merely announce his position and leave it to this Court to discover and rationalize the basis for his claims. *Goolsby*, 419 Mich at 655 n 1. Consequently, defendant's remaining claims of ineffective assistance of counsel are abandoned. *McPherson*, 263 Mich App at 136.

between defendant and the stolen items. In sum, viewed in a light most favorable to the prosecution, the evidence was sufficient to enable the jury to find beyond a reasonable doubt that defendant was involved in the theft of the items after Bint's father had moved out of the house and while Bint was away at work, and that defendant gave the stolen items to Schaefer to sell. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012). Accordingly, even without defendant's confession, there was sufficient evidence to support defendant's conviction.

Affirmed.[6]

/s/ Deborah A. Servitto
/s/ Kurtis T. Wilder

---

[6] In a supplemental authority filed pursuant to MCR 7.212(F), defendant seeks reconsideration of his sentence under *People v Lockridge*, ___ Mich ___; ___ NW2d ___ (2015) (Docket No. 149073). However, defendant does not present a claim of sentencing error in his brief on appeal, and a party may not raise new issues in a statement of supplemental authority. MCR 7.212(F)(1). Accordingly, we decline to consider this issue.